**Nouradin HATEM, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 06–1729–ag.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

Bibiana C. Andrade, Flushing, New York, for Petitioner.

Brett L. Tolman, United States Attorney for the District of Utah, Stephen J. Sorenson, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Nouradin Hatem, a native and citizen of Yemen, seeks review of a March 13, 2006 order of the Board of Immigration Appeals ("BIA") affirming the October 19, 2004 decision of Immigration Judge ("IJ") Philip L. Morace denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nouradin Hatem,* No. A79 117 672 (B.I.A. Mar. 13, 2006), *aff'g* No. A79 117 672 (Immig. Ct. N.Y. City Oct. 19, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir. 2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Questions of law and the application of law to fact are reviewed *de novo. See Secaida–Rosales,* 331 F.3d at 307.

Hatem appeals the BIA's decision affirming the IJ's denial of Hatem's asylum claim, which noted that Hatem did not meet his burden of showing that his application for asylum was filed within a reasonable period of time after his nonimmigrant visa expired, *see* 8 C.F.R. § 1208.4(a)(5)(iv), nor qualified for an exception to the one-year filing deadline based on his claim of changed country conditions. *See* 8 C.F.R. § 1208.4(a)(4). 8 C.F.R. § 1208.4 explains that an exception to the asylum filing deadline based on the possession of a nonimmigrant visa constitutes an "extraordinary circumstance[ ]" as that term is used in 8 U.S.C. § 1158(a)(2)(D), *see* 8 C.F.R. § 1208.4(a)(5)(iv), and that an exception to the asylum filing deadline based on changed conditions in the applicant's country of nationality constitutes a "changed circumstance[ ]" as that term is used in 8 U.S.C. § 1158(a)(2)(D). *See* 8 C.F.R. § 1208.4(a)(4). 8 U.S.C. § 1158(a)(3) strips this Court of jurisdiction to review the agency's determination that an applicant has failed to establish either "extraor-

dinary" or "changed circumstances" that would provide the applicant with an exception to the asylum filing deadline. This Court, therefore, lacks jurisdiction to review the portion of the BIA's decision affirming the IJ's denial of Hatem's asylum claim.

Further, the BIA found that because Hatem failed "to make any meaningful appellate arguments regarding" withholding of removal and CAT relief, he did not exhaust those claims. The BIA accurately characterized the record—in fact, while Hatem contested the IJ's findings with respect to his asylum claim, he failed to mention, let alone argue, either his claim of withholding of removal or CAT relief. Since Hatem did not raise either claim in his appeal to the BIA, he failed to meet the exhaustion requirement necessary for this Court to consider those claims. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006) (holding that petitioner's "failure to make any argument to the BIA in support of [its] withholding-of-removal claim or to identify, even by implication, any error in the IJ's ruling on this claim ... bars [the Court's] consideration of that claim"). Further, because Hatem did not meaningfully raise his CAT claim in his brief to this Court, that claim is also waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED.